IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiffs, | ) |
| V. | ) CIVIL ACTION No: 93-2396 G |
| DONALD M. ROWE, | ) |
| Defendant. | ) |

## AGREED ORDER FOR GARNISHMENT DISPOSITION

WHEREAS, on July 14, 1993 the Court awarded judgment in favor of the United States of America against Donald M. Rowe, in the amount of $944,594.60, which sum and accrued interest remain unpaid, and

WHEREAS, on application of the United States of America, the Court issued a writ of garnishment against Marietta Corporation to attach money owed by Marietta Corporation to Donald M. Rowe, and

WHEREAS, Marietta Corporation owes a debt to Donald M. Rowe by virtue of the judgment awarded by this Court in favor of Donald M. Rowe in the case styled Donald M. Rowe, et al. versus Marietta Corporation and John Nadolski, Civil Action No. 92-2963 4 BRE, in the United States District Court for the Western District of Tennessee, Western Division, and

WHEREAS, Marietta Corporation has answered the garnishment and acknowledged the judgment, and

WHEREAS pursuant to that judgment the United States District Court in Civil Action No. 92-2963 4BRE expressly recognized the existence of an attorneys' lien for fees and expenses

This document entered on docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 8/11/99 .



in accordance with the fee agreement between Donald M. Rowe and the firm of Evans & Petree of Memphis, Tennessee, and the United States of America has acknowledged that that lien is paramount to the garnishment, and

WHEREAS a copy of that fee agreement has been provided to the United States of America, and

WHEREAS, the Marietta Corporation, garnishee, and Donald M. Rowe both appealed the judgment in Civil Action No. 92-2963 4BRE, those appeals are now over, and the said judgment in Civil Action No. 92-2963 4BRE is now final, and on August 11, 1999 Marietta Corporation paid into Court the amount all parties agree is the amount due on that date pursuant to the judgment in Civil Action No. 92-2963 4BRE, and

WHEREAS, the firm of Evans & Petree has provided billing and expense records to the United States of America and has provided those records and a copy of this proposed Order to Donald M. Rowe, and

WHEREAS, Evans & Petree has disclosed to the United States of America and desires to disclose to this Court that members of that law firm may (or may not) make gifts to the children of Donald M. Rowe who are minors, the said gifts to be in the sole discretion of the donors, who are aware that the Rowe family is in significant financial distress (Donald M. Rowe having informed Evans & Petree that he presently has a negative net worth in the millions) and

WHEREAS, the firm of Evans & Petree has disclosed to the United States of America, and desires to disclose to this Court the following, to wit: that the fee agreement provides for two ways to calculate the said fee which are briefly summarized as follows: (option A) a fee calculated based on an hourly rate which is less than the firm's customary rate plus twenty percent of the recovery, or (option B) a fee equal to forty percent of the amount recovered; that

initially Mr. Rowe and Evans & Petree proceeded under option A, but after Mr. Rowe was unable to pay hourly charges they proceeded under option B, and now that the case is concluded, Evans & Petree has elected to calculate the final fee based on option A (which produces a larger fee than option B, in that the firm expended over 4,000 hours of work in the seven years Civil Action 92-2963 was pending), and

WHEREAS Evans & Petree also wishes the record to reflect that Mr. Williams Gibbons, a former member of that firm will not participate in this fee;

And these disclosures having been made, it is

ORDERED ADJUDGED AND DECREED as follows:

1. Marietta Corporation having complied with the garnishment by paying the judgment in civil action 92-2963 into the Court, the funds shall be disbursed by the Clerk as set forth herein;

2. The amount of expenses due Evans & Petree in connection with Civil Action No. 92-2963 4BRE is $116,168.45 and the Clerk of Court is directed to disburse that sum to Evans & Petree forthwith;

3. The amount of legal fee due Evans & Petree is $542,253.29, and the Clerk of Court is directed to disburse that sum to Evans & Petree forthwith;

4. The remaining sum held by the Clerk of Court is due and payable to the United States of America, and the Clerk of Court is directed to disburse that sum forthwith.

*Julia Smith Gibbons*
Julia S. Gibbons, United States District Judge

Date: August 11, 1999

CONSENTED TO AND APPROVED:

The United States of America

By: _____
William Siler, Assistant U.S. Attorney


Evans & Petree

By: _____
John McQuiston, II and

_____
Alan E. Glenn
Attorneys for Donald M. Rowe in
Civil Action 92-2963